UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GOSPEL HOUMA ASSEMBLY CHURCH | * | CIVIL ACTION |
| VERSUS | * | NO. 22-1989 |
| IFG COMPANIES, ET AL. | * | SECTION "A" (2) |

## ORDER AND REASONS

Pending before me is Defendant Burlington Insurance Company's Motion to Compel. ECF No. 33. The motion was scheduled for submission on Wednesday, October 25, 2023. Plaintiff failed to file a timely Opposition Memorandum but was granted leave to file its Opposition after the deadline. ECF No. 42. Defendant filed a Reply. ECF No. 45. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, and finding that the motion has merit, Defendant's motion is GRANTED for the reasons set forth herein.

## I. BACKGROUND

Plaintiff filed suit to recover for losses incurred as a result of Hurricane Ida as well as extra-contractual damages and attorneys' fees, alleging bad faith, failure to properly adjust the loss and underpayment of insurance proceeds. ECF No. 1. The June 8, 2023 Scheduling Order set a trial date of January 29, 2024. ECF No. 26. Defendant asserts that he issued written discovery to Plaintiff on April 4, 2023. ECF No. 33-1 at 2. After holding two Rule 37 conferences with regard to alleged deficiencies, Plaintiff supplemented its responses and production on July 21, 2023. *Id.* at 3. According to movant, Plaintiff's responses reflect improper objections and thousands of pages of disorganized documents. *Id.* at 4-22. Movant thus seeks full and complete responses, without equivocation and obfuscating objections.

1

Plaintiff responds by indicating that it has now delivered supplemental responses, which it contends moots many of the issues raised by Defendant. ECF No. 42. Plaintiff continues to urge objections to Interrogatory No. 19 seeking the name of any person who performed service or repairs since August 1, 2008 through August 29, 2021 (relevance and overbreadth) and Requests for Production Nos. 13 (burden of producing list of gifts to church), 15 (relevance and overbreadth), 21 (relevance of subsequent policy), 23 (relevance of utility records and proportionality given absence of business interruption claim), 43-47 (relevance and proportionality). Id. at 4-10.

In Reply, Defendant concedes that Plaintiff's responses have mooted many issues, but there remain issues with regard to Interrogatory Nos. 9 and 19 as well as Requests for Production Nos. 13, 15, 21, 23, 43-47. ECF No. 45. In addition, Defendant objects that Plaintiff failed to provide the required verification. Id. at 8. Accordingly, movant seeks an order compelling Plaintiff to respond fully to these discovery requests and submit a verification.

## II.  APPLICABLE LAW

### A.  Duties in Responding to Discovery Requests

A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and explain whether any responsive information or documents have been withheld.[1] "Discovery by interrogatory requires candor in responding. . . . The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information."[2]

---

[1] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).
[2] *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616–17 (5th Cir. 1977).

Although a party responding to interrogatories is not required to make an extensive investigation in responding to an interrogatory, it must review all sources of responsive information reasonably available and provide the responsive, relevant facts reasonably available.[3]  Pursuant to Rule 33(d):

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
>> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could . . . .[4]

A reference to business records must be provided with specificity and sufficient detail; it is improper for a party to cite such records *in toto*.[5]

The fact that an interrogatory calls for a thorough response—one that will take time and effort to answer—does not make it improper.[6]  Where an interrogatory answer "'as a whole disclose[s] a conscientious endeavor to understand the question[] and to answer fully [that question],' a party's obligation under Rule 33 is satisfied."[7]  Although Rule 26(e) imposes an obligation to supplement responses,[8] that provision does not provide "an extension of the deadline by which a party must

---

[3] *Lopez* at 579 (citing 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2174 (3d ed. 2013)).
[4] FED. R. CIV. P. 33(c) (emphasis added).
[5] *KeyBank Nat'l Ass'n v. Perkins Rowe Assocs., LLC*, No. 09-497, 2011 WL 765925, at *3 n.14 (M.D. La. Feb. 25, 2011) ("Rule 33(d)(1) requires that answers using the business records option must specify the records to be reviewed in enough detail so that the interrogating party can locate and identify them as easily as the responding party.  Thus, it is improper to direct the interrogating party to a mass of business records or offer to make all of the party's business records available.") (citations omitted).
[6] *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) (citing *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307–08 (5th Cir. 1973)).
[7] *Id.* (citing *Meltzer/Austin Rest. Corp. v. Benihana Nat'l. Corp.*, No. 11–542, 2013 WL 2607589, at *3 (W.D. Tex. June 10, 2013) (quoting 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2177 (3d ed. 2010))).
[8] *Berenson v. Adm'r s of Tulane Univ. Educ. Fund*, No. 17-329, 2017 WL 6372831, at *3 (E.D. La. Dec. 13, 2017); *see also Moore v. BASF Corp.*, No. 11-1001, 2012 WL 12990571, at *2 (E.D. La. May 2, 2012).

deliver" its information.⁹  Rather, the basic purpose of this rule is to prevent prejudice and surprise.¹⁰ Accordingly, the obligation to supplement does not excuse untimely discovery responses.

Likewise, a party must provide full and complete responses to requests for production within thirty days after being served same unless otherwise stipulated or ordered.  FED. R. CIV. P. 34(b)(2)(A).  This production must occur "no later than the time for inspection specified in the request or another reasonable time specified in the response."  FED. R. CIV. P. 26(a)(1)(A)(ii); 34(a)(1); FED. R. CIV. P. 34(b)(2)(B).¹¹  A party responding to discovery must produce responsive documents not only that are within that party's actual, physical possession, but also documents that are within the party's constructive possession, custody or control.  FED. R. CIV. P. 26(a)(1)(A)(ii); 34(a)(1).  For each request, the respondent must either state that the inspection or production will be permitted or state with specificity the grounds for objection, including the reason.  FED. R. CIV. P. 34(b)(2)(B).  If a party fails to produce documents, respond that inspection will be permitted, or permit inspection, the party seeking discovery may, on notice to other parties and certification that the parties participated in a Rule 37 conference in good faith, move for an order compelling an answer, designation, production, or inspection.  FED. R. CIV. P. 37(a).

B. **Objections**

The Federal Rules of Civil Procedure take a "demanding attitude toward objections,"¹² and courts have long interpreted the rules to prohibit general, boilerplate objections.¹³  When a party

---

⁹ *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996); *see also Van Baelen v. Sabine Transp. Co.*, No. 00-2155, 2001 WL 474273, at *2 (E.D. La. May 2, 2001) (Clement, J.) (noting that Rule 26(e)'s duty to supplement does not enable a party to circumvent Rule 26(a)'s deadlines or a court's scheduling order).
¹⁰ *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994).
¹¹ A party has "control" over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty. *Becnel v. Salas*, No. 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (citations omitted); *Monroe's Estate v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).
¹² 8B CHARLES WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2173 (3d ed. 2021).
¹³ *See, e.g.*, *Chevron Midstream Pipelines LLC v. Settoon Towing LLC,* Nos. 13-2809, 12-3197, 2015 WL 269051, at *3 (E.D. La. Jan. 21, 2015) (noting that an objection is boilerplate and insufficient "when it merely states the legal grounds

4

objects to a request for production, the "objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."[14] Objections interposed without also indicating whether any document or information is being withheld are improper.[15] Responses must also clearly state whether any responsive materials are being withheld and the specific basis for objecting and not producing same.[16] Further, it is improper for parties responding to discovery to provide responses with the caveat that they are given "subject to and without waiving" objections. Courts have repeatedly recognized that such language is improper and inconsistent with the Federal Rules.[17]

C. <u>Analysis</u>

1. **Utilities:**

<u>Interrogatory No. 17:</u>

Please state the name(s) of the Persons or entities providing utilities and other services to the Insured Premises from August 1, 2021, through to the present, including without limitation electricity, natural gas, water, sewerage, telephone, cable, television, internet, pest control, landscaping, and cleaning services.

<u>Response:</u>

Plaintiff objects that this interrogatory seeks information that is not relevant to this litigation, and not proportionate to the needs of the case because the burden and expense of the requested discovery outweighs its likely benefit. Plaintiff is not

---

for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request.") (citation omitted); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485–86 (5th Cir. 1990) (simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive" is inadequate to "voice a successful objection.") (citations omitted).

[14] FED. R. CIV. P. 34(b)(2)(C); *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016), *objs. overruled sub nom. Orchestratehr, Inc. v. Trombetta*, No. 13-2110, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).

[15] *See Chevron*, 2015 WL 269051 at *4 (holding that objections fall short of party's burden when party objected based on privilege but failed to state whether any documents were withheld or the nature of withheld documents).

[16] *Id*. (citation omitted) ("Objections that fail to provide an appropriate basis make it difficult for the parties to even informally discuss any alleged defects in a discovery request or response in hope of fixing the defects.").

[17] *Heller v. City of Dallas*, 303 F.R.D. 466, 486 (N.D. Tex. 2014) (citations omitted) ("The practice of asserting objections and then answering 'subject to' and/or 'without waiving' the objections–like the practice of including a stand-alone list of general or blanket objections that precede any responses to specific discovery requests–may have developed as a reflexive habit . . . [but the practice] 'manifestly confuses (at best) and mislead[s] (at worse), and has no basis at all in the Federal Rules of Civil Procedure.'").

seeking damages related to the utilities or other services identified but not limited above. Subject to the above objection, Plaintiff uses the following utilities:
- Electricity – Entergy
- Natural gas and sewage – Terrebonne Parish Consolidated Government
- Water – Terrebonne Parish Consolidated Waterworks District #1
- Internet – A T & T
- No Telephone/Cable Services
- No Monthly Pest Control

Request for Production No. 23:

Produce all Documents Relating To utilities and other services provided to the Insured Premises from August 1, 2021, through to the present, including without limitation electricity, natural gas, water, sewerage, telephone, cable, television, internet, pest control, landscaping, and cleaning services. If You are not in possession of these records, identify the custodian of each.

Response:

Plaintiff objects that this request seeks information that is not relevant, is overly broad as to time and subject matter and not proportionate to the needs of the case because the burden and expense of the requested discovery outweighs its likely benefit.

Defendant argues that utility records are necessary to determine when the insured premises were restored to their full and typical use after the storm as is necessary because (a) Plaintiff has not identified the dates on when it completed repairs; (b) Plaintiff's claim includes cost for temporary toilets, handwashing stations and power; and (c) Plaintiff seeks $250,000 damages related to its parishioners inability to worship comfortably.  ECF No. 45 at 1-2.

Plaintiff's utility bills have no conceivable relevance to the issue of when Plaintiff returned to its full and typical use given the fluctuation in invoices based on weather and a myriad of other issues. Further, the request seeks the information only from August 2021 to date and thus would have no prior monthly invoices for comparison purposes.  Accordingly, the objection is sustained.

## 2. Contractual Damages and Repairs

Interrogatory No. 9:

State in dollars and cents the amount of Contractual Damage You contend remains due under the Policy for each of the following coverage parts: Buildings and Business Personal Property. For each, Identify all facts supporting the amount, including a description and itemization of all amounts that You contend is owed.

Response:

Plaintiff objects to this interrogatory as too broad, harassing and seeks information more properly the subject of multiple interrogatories and to the extent it seeks information that is more properly the subject of expert testimony.

Without waiving said objection, the information requested is itemized in the King Claims Appraisal & Consulting estimates for Building and Business Personal Property. Plaintiff seeks $627,923.26 for additional Building and Business Personal Property damages remaining due. Plaintiff reserves the right to supplement.

Movant contends this response is insufficient because most of the work has been completed, thereby rendering earlier estimates irrelevant, and it cannot discern the actual cost spent based on the Plaintiff's delivery of voluminous, unspecified documents that include duplicative items. ECF No. 45 at 7-8.

Plaintiff's objections are overruled. The fundamental issue in this case is the costs to repair the hurricane damaged property. Once actual costs have been incurred for repair, prior estimates are no longer signifcant. Movant is entitled to a full and complete response to this question.

## 3. Maintenance and Renovations

Interrogatory No. 19:

State the name of any Person, contractor, or entity that has performed any service, maintenance, construction, remodeling, or repair at the Insured Premises at any time from August 1, 2008, through August 29, 2021, and for each, state the type of work performed and the date on which such work was performed.

Response:

Plaintiff objects that this interrogatory seeks information that is not relevant to this litigation, is overly broad as to time and subject matter, and not proportionate to the needs of the case because the burden and expense of the requested discovery outweighs its likely benefit.

Without waiving said objection, there was no damage to the buildings, structures, or items thereon. Regular maintenance was performed by volunteer church members. Plaintiff has not keep [sic] a list.

Plaintiff did have solar panels installed on the property in approximately 2020 by Powergen.

Request No. 15:

Produce any and all estimates, bids, quotes, proposals, invoices and permits for construction, renovation, remodeling, maintenance, and/or repair of the Insured Premises from January 1, 2008 to August 28, 2021.

Response:

Plaintiff objects that this request is overbroad as to time and not proportionate to the needs of the case because the burden and expense of the requested discovery outweighs its likely benefit. Subject to that objection, counsel learned recently that there are documents for solar panel installation made in 2020 but has not received these documents yet.

Movant argues that pre-existing conditions and the design and installation of the roof and solar panels are at issue. Thus, the maintenance, construction, and repairs are relevant and proportional and it is entitled to the identity of those performing maintenance or other work to assess pre-storm condition.  It argues the church was built in 2008 and the school was built in 2012 and therefore it is entitled to records from these dates, but agrees to limit maintenance records to five years before the storm.  ECF No. 45 at 3-4.

Production of every document relating to construction, repair or maintenance from 2008 to date is overly burdensome and disproportional to the needs of this case.  Presumably Defendant inspected the property before insuring it and thus would be familiar with its condition at the onset of

8

policy coverage. Maintenance and repair documentation from January 1, 2019 through date is sufficient to provide relevant information regarding ongoing maintenance and repairs before and after the hurricane.

### 4. Funds from Other Sources

Request No. 13:

Produce all Documents that evidence the amount of money or other goods or services you received from any source since August 29, 2021 in connection with any damage to the Insured Premises, including but not limited to insurance proceeds, public assistance such as FEMA or from any other governmental agency, donations of time, equipment, and/or services, etc.

Response:

See previously produced documents bates labeled as BW-GOSPEL-000303 and 000317. Plaintiff has received donations in services from members of the church, but does not have records of this beyond what has already been produced in discovery. Plaintiff did not receive any public assistance related to Hurricane Ida.

Movant argues that Plaintiff's production does not include any documentation regarding donations from church members for time, labor or materials since August 29, 2021. It seeks an order compelling Plaintiff to produce same and identify by bates number the responsive documents.

A party responding to a Rule 34 request must either produce documents "as they are kept in the usual course of business" or "must organize and label them to correspond to the categories in the request." FED. R. CIV. P. 34(b)(2)(E)(i). This rule is intended to prevent parties from hiding "a needle in a haystack" and to minimize the costs associated with discovery.[18] Regardless of which option is taken, Rule 34 requires the producing party to turn over the documents "in an organized, comprehensible arrangement—either by specifically indexing each document to the request to which

---

[18] *United States v. Bollinger Shipyards, Inc.*, No. 12-920, 2015 WL 13529562, at *3 (E.D. La. Apr. 13, 2015) (citing *Hagemeyer N. Am., Inc. v. Gateway Data Sciences Corp.*, 222 F.R.D. 594, 598 (E.D. Wisc. 2004)).

it was responsive, or, failing that, by turning over the documents with the business's filing system or other organizational structure still intact and useable by the requesting party."[19]

To the extent this request seeks donations of time, material or labor related to the repair of the property rather than simply a listing of all general donations to the church, the request is proper. Further, Movant is entitled to have responsive documents identified by bates number for each request for production of documents given that the documents were not produced in an organized manner.

The court may not, however, compel a party to produce documents that do not exist."[20] When an attorney, as an officer of the court, represents that documents do not exist, the court can require a certification or "confirmation" that the discovery at issue does not exist.[21] If movant has or acquires evidence that producing party's responses are incomplete or that his affidavit or representations are false, then other remedies may be sought by motion.[22] Accordingly, Plaintiff must identify by bates number documents reflecting donations of time, labor or materials to the repair of the property and provide a certification that no further documents exist.

---

[19] *Id*. (citing *Anderson Living Trust v. WPX Energy Prod., LLC,* 298 F.R.D. 514, 522 (D.N.M. 2014). *See also SEC v. Collins & Aikman Corp*., 256 F.R.D. 403, 411 (S.D.N.Y. 2009) ("The key to this dichotomy is the assumption that in either case the documents will be organized....")).

[20] *Butler v. La. Dep't of Pub. Safety & Corrs.*, No. 12-420, 2014 WL 3867552, at *1 (M.D. La. Aug. 6, 2014); *accord Payne v. Forest River, Inc*., No. 13-679, 2015 WL 1912851, at *4 (M.D. La. Apr. 22, 2015) ("The court cannot order the production of documents that no longer exist or, despite a diligent search, cannot be found in the possession, custody, or control of a party."); *Callais*, 2018 WL 6517446 at *7 (same); *Terral v. Ducote*, No. 15-2366, 2016 WL 5017328, at *2 (W.D. La. Sept. 19, 2016) (same).

[21] *Nguyen v. La. State Bd. of Cosmetology*, No. 14-80, 2016 WL 67253, at *2 (M.D. La. Jan. 5, 2016) (requiring plaintiff to "confirm that the requested information does not exist"); *see also Callais v. United Rentals N. Am., Inc.*, 2018 WL 6517446, at *7 (M.D. La. Dec. 11, 2018) (ordering qualified representative to provide a sworn certification that no responsive documents exist); *Brookshire v. Jackson Pub. Schs*., No. 3-13-772, 2015 WL 11018443, at *1 (S.D. Miss. May 8, 2015) ("If the document does not exist, then Defendants are to certify that the document does not exist."); *Beasley v. First Am. Real Estate Info. Servs., Inc*., No. 3-04-1059, 2005 WL 1017818, at *4 (N.D. Tex. Apr. 27, 2005) ("[D]efendant is entitled to an unequivocal representation . . . that the documents specified in this request for production do not exist.").

[22] *Henderson v. Compdent of Tenn., Inc*., No. 97-617, 1997 WL 756600, at *1 (E.D. La. Dec. 4, 1997) (denying motion to compel based on representation that documents that do not exist and noting other remedies are available if representation is untrue).

5. **SBA Records**

Request No. 43:

Produce all Documents and Communications that you have had with the U.S. Department of Justice Small Business Administration (SBA) related to the Insured Premises, including but not limited to inspections, photographs, interviews, loss verification reports, letters, emails, telephone discussions, notes (contemporaneously drafted thereto, or after), applications for disaster relief, any decisions on such applications, loan documents, damage assessments, photographs, inspection notes, statements, recordings, videos, requests for information, Documents submitted to SBA related to the Insured Premises, and any other Documents submitted or received in connection with the Insured Premises.

Response:

Plaintiff objects that this request is not relevant to this litigation, overly broad as to time and subject matter, and not proportionate to the needs of the case because the burden and expense of the requested discovery outweighs its likely benefit. Without waiving said objection, after a diligent search, none in Plaintiff's possession. No documents are being withheld subject to the objection.

Request No. 45:

Produce a fully executed copy of the attached Certification of Identity to the U.S. Department of Justice, which is required for the Small Business Association to release records.

Response:

Plaintiff objects that this request is not relevant to this litigation, overly broad as to time and subject matter, and not proportionate to the needs of the case because the burden and expense of the requested discovery outweighs its likely benefit. The requested document is being withheld subject to the objection.

Movant argues that SBA loan documents are relevant because they include information about the insured premises and the SBA requires production of certain documents regarding the property's condition. It contends that pre-storm damage would be identified on any application, and that Plaintiff has not explicitly stated that it made no application for SBA loan; rather, it asserts only it has no such documents in its possession and that it did not obtain a loan. ECF No. 45 at 5.

11

Movant's argument has merit. Plaintiff's burden objection is overruled insofar as there is no burden placed on it for Movant to obtain documents from the SBA. Accordingly, absent an express representation that Plaintiff did not apply for an SBA loan, Plaintiff must execute and deliver the authorization for Movant to obtain any application documents.

### 6. Tax Records

Request No. 44:

Produce all Documents reflecting or memorializing Your filings with the Internal Revenue Service and/or Louisiana Bureau of Revenue from 2019 to present, including but not limited to federal and state tax returns, annual information returns, supporting schedules, statements and attachments. If responsive documents exist but are not in your possession, please return of a fully executed Request for Copy or Transcript of Tax Form (Form 4506), which is attached.

Response:

Plaintiff objects that this request is not relevant to this litigation, overly broad as to time and subject matter, and not proportionate to the needs of the case because the burden and expense of the requested discovery outweighs its likely benefit. The requested documents are not in Plaintiff's possession and a fully executed Request for Copy or Transcript of Tax Form (Form 4506) is being withheld subject to the objection.

Movant seeks the tax records to obtain information about capital improvements, claimed repairs, and contributions from members that are not elsewhere available. Given that Plaintiff objects based only on relevance and proportionality and not any privacy interest and considering that the signing of the authorization removes any burden or expense upon Plaintiff for the production and the potential relevance of information not elsewhere available, Plaintiff must sign and deliver the signed authorization.

### 7. Financial and Telephone Authorizations

Request No. 46:

Produce a fully executed financial institution records authorization, which is attached. Please reproduce an authorization for each financial institution from

January 1, 2021, to present, inserting in the area indicated, each institution, your account number, and your tax identification number.

Response:

Plaintiff objects that this request is not relevant to this litigation, overly broad as to time and subject matter, and not proportionate to the needs of the case because the burden and expense of the requested discovery outweighs its likely benefit. The requested document is being withheld subject to the objection.

Request No. 47:

Produce a fully executed authorization to release telephone and messaging records, which is attached. Please reproduce an authorization for each for Person that has been involved in the handling of your Claim and each provider from August 1, 2021, to present, inserting in the area indicated, each account holder name, telephone numbers, and carrier/provider.

Response:

Plaintiff objects that this request is not relevant to this litigation, overly broad as to time and subject matter, and not proportionate to the needs of the case because the burden and expense of the requested discovery outweighs its likely benefit. The requested document is being withheld subject to the objection.

Defendant argues that bank records are necessary to ascertain who performed maintenance and repair work and proof of payment for storm-related repairs, which it contends is necessary because Plaintiff has stated it does not keep a list of who performed maintenance and has not produced proof of incurred repair costs. It argues that telephone and messaging records are necessary to address its alleged timing of communications.

Financial information reflecting payments made and to whom same were made are relevant to the damages proof in this case. Again, in the absence of any privacy objection and considering that the authorization removes and burden and expense to Plaintiff, without the voluntary production of same by Plaintiff, Defendant is entitled to an authorization to obtain copies of bank statements and cancelled checks showing such payments. However, production of telephone and messaging records in a simple case involving alleged disagreements as to when certain communications were made in

13

an insurance dispute goes far beyond proportional to the needs of the case. The responsive documents would need to be reviewed for privilege, which renders this request disproportional to the needs of the case. Accordingly, that request is denied.

### 8. Verification

Interrogatories must be "answered separately and fully in writing and under oath." FED. R. CIV. P. 33(b)(3). A verification requires the party to attest to the truth and accuracy of the information and is signed under oath. FED. R. CIV. P. 33(b)(1)(B), (3) and (5). The requirement that a party sign his interrogatory answers under oath is critical because interrogatory answers may be used only "to the extent allowed by the Federal Rules of Evidence." FED. R. CIV. P. 33(c). "[I]nterrogatories serve not only as a discovery device but as a means of producing admissible evidence; there is no better example of an admission of a party opponent, which is admissible because it is not hearsay (FED. R. EVID. 801(d)(2)), than an answer to an interrogatory."[23] Interrogatory responses that are not signed under oath as required are not admissible as evidence to establish lying under oath (or for any other purpose).[24]

Plaintiff must deliver the required verification of its supplemental responses.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant's Motion to Compel (ECF No. 33) is GRANTED IN PART AND DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that, within 14 days, Plaintiff must provide verified supplemental responses to Defendant's discovery requests.

---

[23] *Melius v. Nat'l Indian Gaming Comm'n*, No. 98–2210, 2000 WL 1174994, at *1 (D.D.C. July 21, 2000) (emphasis added); *accord Walls v. Paulson*, 250 F.R.D. 48, 52 (D.D.C. 2008).
[24] *Wagner v. Boh Bros. Const. Co.*, No. 11-2030, 2012 WL 3637392, at *4 (E.D. La. Aug. 22, 2012) (collecting cases).

New Orleans, Louisiana, this <u>2nd</u> day of November, 2023.

DONNA PHILLIPS CURRAULT<br>
UNITED STATES MAGISTRATE JUDGE